Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ASOCIACIÓN DE RESIDENTES DE VALLE FORESTAL, INC. Apelada v. JOSÉ D. SANTIAGO Y OTROS Apelantes | KLAN202300694 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Civil Núm.: SJ2020CV06366 Sobre: Cobro de Dinero, Regla 60 |
|---|---|---|

Panel integrado por su presidente, el Juez Ronda del Toro, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparecen José D. Santiago (señor Santiago ), Lizzie Negrón (señora Negrón) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los Apelantes) y solicitan la revocación de la Sentencia emitida el 20 de diciembre de 2020, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), notificada el 30 de junio de 2023. Mediante la referida Sentencia, el foro primario declaró Ha Lugar la Demanda en cobro de dinero presentada por la Asociación de Residentes del Valle Forestal Inc., (Asociación de Residentes o la Apelada) en contra de los Apelantes al amparo del procedimiento sumario que provee la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, y les ordenó pagar a la Apelada la suma de $6,200.00 por concepto de cuotas de mantenimiento adeudadas, las costas y una suma de $200.00 por concepto de honorarios de abogado.

Por los fundamentos que expondremos a continuación, confirmamos la Sentencia apelada.

Número Identificador

SEN(RES)2023_____

I

Los Apelantes son titulares de un inmueble ubicado en la Calle Ficus C-1 de la Urbanización Valle Forestal, en San Juan, la cual se encuentra dentro del control de acceso que administra la Apelada. El 25 de noviembre de 2020, la Asociación de Residentes presentó *Demanda* en cobro de dinero por concepto de cuotas de mantenimiento adeudadas en contra de los Apelantes, al amparo de la Regla 60 de Procedimiento Civil, *supra.*[1] En síntesis, la Asociación de Residentes alegó en la *Demanda* que los Apelantes, como titulares del inmueble localizado en la Urbanización Valle Forestal, están obligados a pagar cuotas de mantenimiento conforme a las Condiciones Restrictivas del Reglamento de la Asociación de Residentes de Valle Forestal Inc. De igual forma, esbozan en la demanda que el canon de mantenimiento corresponde a la cantidad de $40.00 mensuales pagaderos durante los primeros cinco días del mes y que los apelantes dejaron de pagar las mismas, por lo que hasta el mes de noviembre de 2020 adeudaban la suma de $5,615.00. Arguyen además, que dicha suma incrementa a razón de $40.00 mensuales; que la Apelada le ha requerido el pago de la suma adeudada y los Apelantes se han negado a pagarla; que la Asociación de Residentes declaró vencida la totalidad de la deuda y que las cantidades reclamadas son líquidas y exigibles.

Al respecto, el 20 de octubre de 2021, el foro primario expidió *Notificación y Citación sobre Cobro de Dinero* al amparo de la Regla 60 de Procedimiento Civil, *supra,* dirigida al señor Santiago, a la señora Negrón y a la sociedad legal de gananciales, en la que les notificó señalamiento de juicio para el 15 de diciembre de 2021 mediane videoconferencia.[2]

---

[1] Entrada Núm. 1 de SUMAC.
[2] Véase Entrada Núm. 3 de SUMAC.

El 10 de diciembre de 2021, los Apelantes presentaron *Contestación a Demanda y Reconvención*, ante el TPI. Éstos levantaron como defensas afirmativas falta de legitimación activa de la Asociación de Residentes y falta de parte indispensable de los propietarios de las fincas identificadas y localizadas en el plano certificado, más no negaron la existencia de la deuda reclamada en la Demanda.[3] En síntesis, en la *Contestación a Demanda y Reconvención* los Apelantes alegaron que como la Apelada no había evidenciado su legitimación activa para cobrar la suma por concepto de cuota de mantenimiento alegadamente adeudada por éstos sobre el inmueble en cuestión, la reclamación de la Asociación de Residentes está sujeta a una causa de nulidad. [4]

La vista de Regla 60 se celebró el 15 de diciembre de 2021 mediante videoconferencia, y durante la misma el abogado de la Apelada, el licenciado Piovanetti Dohnetti, informó que a esa fecha la deuda por concepto de cuota de mantenimiento ascendía a $6,200.00. En representación de la Asociación de Residentes compareció su presidenta, la Sra. Mayra Piazza Pérez y la tesorera, la Sra. Maritza González Pérez. Durante la vista, el señor Santiago expresó que la Apelada carecía de legitimación activa para cobrar la cuota de mantenimiento. La Asociación de Residentes procedió a presentar como prueba el certificado de *Good Standing* de la Asociación de Residentes de la Urbanización Valle Forestal y el documento donde ubica la residencia de los Apelantes. De igual forma el foro primario, tras escuchar los planteamientos de las partes, **resolvió que los Apelantes no tenían razón en solicitar la conversión al procedimiento ordinario, que éstos debían la suma reclamada por la Apelada por concepto de cuotas de**

---

[3] Véase Entrada Núm. 4 de SUMAC
[4] Véase página 20 de la Contestación a Demanda y Reconvención. (Entrada Núm. 4 de SUMAC)

**mantenimiento y que dictaría sentencia con la imposición de pago de cuota de mantenimiento por la suma de $6,200.00 más costas, gastos y honorarios de abogado por la suma de $200.00.**[5]

Por consiguiente, mediante Sentencia emitida el 20 de diciembre de 2021, notificada el 30 de junio de 2023, el foro primario declaró Ha Lugar la Demanda en cobro de dinero presentada por la Asociación de Residentes en contra de los Apelantes, al amparo del procedimiento sumario de la Regla 60 de Procedimiento Civil, *supra,* y les ordenó pagar a la Apelada la suma de $6,200.00 por concepto de cuotas de mantenimiento adeudadas, las costas y una suma de $200.00 por concepto de honorarios de abogado.[6]

En desacuerdo, el 11 de julio de 2023, los Apelantes presentaron *Moción Urgente de Reconsideración* en la que alegaron falta de legitimación de la Asociación de Residentes y argumentaron que por ello, existía controversia sobre la liquidez de la deuda.[7] Mediante *Resolución* emitida y notificada el 12 de julio de 2023 el foro primario declaró No Ha Lugar la *Moción Urgente de Reconsideración* presentada por los Apelantes.

Inconformes, los Apelantes presentaron el recurso de epígrafe el 9 de agosto de 2023 y señalan la comisión de los siguientes errores por parte del foro primario:

> ERRÓ EL TPI AL NO EXAMINAR LA NOTIFICACIÓN-CITACIÓN A TODAS LAS PARTES Y NO ATENDER LA CONTROVERSIA DE LA JURISDICCIÓN LA CUAL TENÍA ANTE SI,

---

[5] Véase **Minuta** de 17 de diciembre de 2021, sobre la Vista celebrada el 15 de diciembre de 2021, Entrada Núm. 7 de SUMAC

[6] Mediante Sentencia emitida el 24 de mayo de 2022 en el caso con designación alfanumérica KLAN202200228, este Tribunal de Apelaciones desestimó por prematura la Apelación de la Sentencia emitida 20 de diciembre de 2021 por el TPI en el caso SJ2020CV06366, y presentada también en aquella ocasión por los aquí Apelantes. La desestimación de la Apelación por prematura, en el caso KLAN202200228 obedeció a la falta de notificación a la señora Negrón y a la sociedad legal de gananciales, de escritos posteriores a la Sentencia de 20 de diciembre de 2021, presentados por la Asociación de Residentes del Valle Forestal Inc., lo que impidió la activación del término para acudir en alzada ante este Tribunal de Apelaciones. El 29 de junio de 2023 la Asociación de Residentes presentó Moción Urgente en Cumplimiento de Orden en la que acreditó la notificación de las mociones a todos los Apelantes. (Entrada Núm.31 de SUMAC) El 30 de junio de 2023, el TPI notificó nuevamente la Sentencia emitida el 20 de diciembre de 2021.

[7] Véase Apéndice 8 de la Apelación.

INCUMPLIENDO CON LA REGLA 4.4 (E) DE PROCEDIMIENTO CIVIL Y ENTRAR EN LOS MÉRITOS DEL CASO. LA PARTE APELADA NO HA PRESENTADO EVIDENCIA DE LA NOTIFICACIÓN-CITACIÓN AL SR. JOSÉ SANTIAGO POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES.

ERRÓ EL TPI AL NO EXAMINAR Y ATENDER LA CONTROVERSIA SOBRE LA JURISDICCIÓN POR FALTA DE LEGITIMACIÓN LA CUAL TENÍA ANTE SI. LA PARTE APELADA NO HA PRESENTADO EVIDENCIA NECESARIA DE DOCUMENTO LEGAL QUE VINCULE EL NÚMERO DE FINCA DE LOS APELANTES CON LA ASOCIACIÓN.

ERRÓ EL TPI AL NO EXAMINAR Y ATENDER LA CONTROVERSIA SOBRE EL NÚMERO DE MIEMBROS Y LA PROPORCIÓN POR MIEMBRO, LA CUAL TENÍA ANTE SÍ. LA PARTE APELADA NO HA PRESENTADO EVIDENCIA DE PLANO CERTIFICADO POR UN PROFESIONAL QUE CERTIFIQUE EL NÚMERO DE MIEMBROS Y LA PROPORCIÓN POR MIEMBRO.

ERRÓ EL TPI AL NO EXAMINAR Y ATENDER LA CONTROVERSIA SOBRE LA LIQUIDEZ DE LA DEUDA, LA CUAL TENÍA ANTE SÍ, LA PARTE APELADA NO HA PRESENTADO EVIDENCIA NECESARIA Y PERTINENTE PARA ATENDER ESTE ERROR PLANTEADO.

Por su parte, la Asociación de Residentes compareció ante nos el 8 de septiembre de 2023, mediante *Alegato de la Parte Apelada*. En síntesis, la Apelada sostiene que el foro primario atendió y adjudicó adecuadamente la controversia sobre la liquidez de la deuda por concepto de cuotas de mantenimiento, la cual es una suma que está vencida y es líquida y exigible. Como argumento central, afirma la Apelada que los Apelantes reconocieron ante el foro primario que pagaron solamente las cuotas de mantenimiento sobre la propiedad objeto de la reclamación de cobro, desde que adquirieron el inmueble en el año 2003 hasta el año 2010; que dejaron de pagar las cuotas a partir de enero de 2011 hasta el presente y que los Apelantes no cuestionaron la cuantía reclamada por la Asociación de Residentes. De igual forma, aduce la Apelada que no incidió el TPI al resolver que las demás controversias

planteadas por los Apelantes tenían que presentarse mediante un procedimiento ordinario, independiente a la reclamación de cobro de dinero presentada por la Apelada al amparo de la Regla 60 de Procedimiento Civil, *supra*. También sostiene la Asociación de Residentes que mediante la declaración jurada prestada por la Sra. Maritza González Pérez, tesorera de la Asociación de Residentes, la Apelada acreditó el balance adeudado e incluyó el estado de cuenta de la propiedad de los apelantes. Finalmente, la Apelada sostiene que durante el día de la vista ante el foro primario presentó un estado de cuenta actualizado a esa fecha que acreditó el balance adeudado por cuotas de mantenimiento, sin que los Apelantes presentaran prueba en contrario

II

A.

La Regla 60 de Procedimiento Civil, *supra*, establece un proceso sumario de cobro de dinero, en el cual las demás reglas de procedimiento civil para trámites ordinarios aplican de manera supletoria, siempre que no menoscaben la disposición sumaria del asunto. *RMCA v. Mayol Bianchi*, 208 DPR 100 (2021). El mecanismo provisto por la Regla 60 de Procedimiento Civil, *supra,* es uno de carácter sumario, cuya principal finalidad es imprimir celeridad al curso del procedimiento que al amparo de sus disposiciones atiende. La Regla 60, *supra*, provee un método especial para dirimir reclamaciones de cobro de dinero de cuantías que no excedan quince mil dólares ($15,000), provee de este modo, una pronta y ágil adjudicación en cuanto a este tipo de controversias y facilita, a su vez, el acceso a la maquinaria judicial. Precisamente, dado que la Regla 60 de Procedimiento Civil, *supra,* busca simplificar la adjudicación de la causa que atiende, el rigor de los preceptos ordinarios incluidos en las Reglas de Procedimiento Civil, le son aplicables de manera supletoria. Así pues, el foro primario

está facultado para atender el día de la vista todas las cuestiones litigiosas y dictar sentencia. Véase, *Asoc. Res. Colinas Metro v. S.L.G.*, 156 DPR 88 (2002). En conformidad con lo anterior la Regla 60, *supra* dispone lo siguiente:

> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero, nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

> La parte demandante podrá comparecer a la vista por sí o mediante representación legal**. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda**.

> Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

"[E]n el procedimiento sumario de la referida Regla 60 se prescinde de la contestación a demanda y del descubrimiento de prueba. Además, éste no considera la presentación de alegaciones tales como la reconvención y demanda contra terceros, entre otras". *RMCA v. Mayol Bianchi supra,* pág. 109*; Asoc. Res. Colinas Metro v. S.L.G., supra,* págs. 99-100. En lo pertinente a las defensas afirmativas, estas comprenden materia de naturaleza sustantiva y/o materia constitutiva de excusa, por la cual la parte demandada debe responder a las reclamaciones en su contra. *RMCA v. Mayol Bianchi supra,* pág. 110; *Presidential v. Transcaribe,* 186 DPR 263,280 (2012). "Las defensas afirmativas solo tienen un propósito defensivo, entiéndase, impedir que el reclamo [en contra de la parte demandada] prospere". *RMCA v. Mayol Bianchi supra,* pág 110 citando a *Bacardí Corp. Torres Arroyo*, 202 DPR 1014,1023 (2019)

En lo pertinente, al emplazamiento, la citación y el diligenciamiento la doctrina vigente en el contexto de la Regla 60, *supra,* según esbozada en *Asoc. Res. Colinas Metro v. S.L.G.*, *supra.* páginas102-103 dispone lo siguiente:

> "Al ser el diligenciamiento personal el método más efectivo para garantizar que a la parte demandada se le notifica de la reclamación en su contra y de la fecha cuando se celebrará la vista en su fondo, para que pueda comparecer a defenderse, si así lo desea, éste es compatible con la Regla 60, *supra*, por lo tanto, está permitido a pesar de no estar específicamente dispuesto en dicha regla. (Citas omitidas)
>
> Debido a las diferencias descritas anteriormente entre el procedimiento de la Regla 60, supra, y el procedimiento ordinario y, más aún, entre el emplazamiento y la notificación-citación, entendemos que el término de seis meses que proveen las citadas Reglas 4.3(b) y 39.2 (b) no aplican al procedimiento de la Regla 60, *supra.*
>
> Sobre la aplicación de la Regla 4.3(b), *supra,* al procedimiento de la citada Regla 60 hay que tomar en consideración que bajo la Regla 60, *supra*, no se expide un emplazamiento sino una notificación citación, y que su diligenciamiento, por su naturaleza está en manos del propio tribunal, no del demandante. Así lo dispone expresamente la citada Regla 60: "cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por las reglas, *el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito*", esta notificación incluirá no sólo la demanda, sino también la citación para la vista del caso en su fondo".

Indistintamente de lo anterior, procede evaluar si los trámites procesales ante el TPI reflejan o no sin lugar a dudas, que luego de la notificación-citación, el tribunal ha continuado tramitando el caso, bajo el procedimiento ordinario de las Reglas de Procedimiento Civil. *Asoc. Res. Colinas Metro v. S.L.G.*, *supra*, pág. 104.

Según surge de la precitada Regla 60, existen varias instancias en las cuales es viable convertir una causa de acción incoada bajo esta regla en un procedimiento ordinario, a saber: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) si, en el interés de la justicia, las partes solicitan que el pleito continúe bajo el trámite civil ordinario; y (3) si, partiendo de ese mismo interés, el tribunal *motu proprio* lo ordena. *RMCA v. Mayol*

*Bianchi,* supra, pág. 108, citando a *Cooperativa v. Hernández Hernández,* 205 DPR 624, 637-638 (2020). Si bien ambas partes tienen derecho a solicitar la conversión del procedimiento, ello no implica que automáticamente la conversión deba ser concedida, sino que el foro de origen debe sopesar los méritos de la solicitud. *Cooperativa v. Hernández Hernández,* supra, pág. 637.

En una acción de cobro de dinero, la parte demandante tiene que probar ser la acreedora de una deuda vencida, líquida y exigible. *RMCA v. Mayol Bianchi,* supra, pág. 108; *Ramos y otros v. Colón y otros,* 153 DPR 534, 546 (2001). Sobre ese particular, el Tribunal Supremo de Puerto Rico definió que es *líquida* aquella deuda cierta y determinada, mientras que se considera *exigible* porque puede demandarse su cumplimiento. *Íd.* Es decir que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido". *Íd.,* citando a *Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950). (Énfasis omitido).

El hecho de que la deuda sea líquida y exigible en una demanda sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, *supra,* es un elemento que, además de la notificación-citación, debe ser superada por la parte promovente para que el tribunal pueda atender todas las cuestiones litigiosas y dictar sentencia inmediatamente. *RMCA v. Mayol Bianchi,* supra, pág. 109; *Cooperativa v. Hernández Hernández,* supra, pág. 636, citando a *Asoc. Res. Colinas Metro v. S.L.G.,* supra, pág. 100.

### III

Como cuestión de umbral enfatizamos que los documentos a los que aluden los Apelantes en el recurso de epígrafe pertinentes al procedimiento sumario al amparo de la Regla 60 de Procedimiento Civil, *supra,* tales como la Demanda, la Contestación a Demanda y Reconvención, la Notificación y Citación Sobre Cobro de Dinero y la

Minuta de la Vista en su Fondo celebrada el 15 de diciembre de 2021, no fueron incluidos en el Apéndice de los Apelantes, por lo que fue necesario accederlos a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC) para la adjudicación de la Apelación.

Es la contención de los apelantes en su primer señalamiento de error que en la notificación -citación el foro primario tenía que cumplir con la Regla 4.4 (e) de Procedimiento Civil, 32 LPRA Ap. V, R.4.4(e) referente a los emplazamientos. Sobre el particular, aclaramos que conforme a lo resuelto en *Asoc. Res. Colinas Metro v. S.L.G.*, *supra.* páginas102-103, el Tribunal Supremo hizo constar lo siguiente:

> "[H]ay que tomar en consideración que **bajo la Regla 60,** *supra***, no se expide un emplazamiento sino una notificación citación, y que su diligenciamiento, por su naturaleza está en manos del propio tribunal, no del demandante. Así lo dispone expresamente la citada Regla 60: "cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por las reglas,** *el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito***", esta notificación incluirá no sólo la demanda, sino también la citación para la vista del caso en su fondo**." (Énfasis suplido)

De la Notificación-Citación sobre Cobro de Dinero expedida el **20 de octubre de 2021** por el foro primario al amparo de la Regla 60 de Procedimiento Civil, *supra*, surge que la misma fue dirigida al señor Santiago, a la señora Negrón y a la sociedad legal de gananciales compuesta por ambos, y que dicha notificación-citación les indicó la fecha señalada para la vista en su fondo, la cual se celebró el 15 de diciembre de 2021. Los Apelantes comparecieron a la vista en su fondo y tuvieron oportunidad de controvertir la prueba desfilada por la Asociación de Residentes sobre la existencia y la liquidez de la deuda.

Hay que tener presente que en el caso de epígrafe los Apelantes no incluyeron como defensa afirmativa la iliquidez de la

deuda en la *Contestación a Demanda,* sino que su defensa afirmativa estuvo centrada en el planteamiento de alegada falta de legitimación activa de la Asociación de Residentes para gestionar el cobro.  Dicho planteamiento continuó durante la vista en su fondo celebrada el 15 de diciembre de 2021.

Luego de examinar el expediente ante nos, se desprende claramente que la deuda reclamada por la Apelada por concepto de cuota de mantenimiento es una deuda determinada, vencida, líquida y exigible.  Surge, además, del expediente que con la demanda, la Apelada incluyó una Declaración Jurada, prestada por la Sra. Maritza González Pérez, tesorera de la Asociación de Residentes, que acreditó el balance adeudado y el estado de cuenta de la propiedad de los Apelantes.

Cabe destacar que según surge de la *Minuta* del juicio en su fondo celebrado el 15 de diciembre de 2021, al amparo de la Regla 60 de Procedimiento Civil, *supra,* las partes comparecieron y estuvo presente la Sra. Maritza González Pérez, tesorera de la Asociación de Residentes que prestó la declaración jurada y acreditó el balance adeudado por los Apelantes.

De igual forma, surge de dicha *Minuta* que durante el juicio, los Apelantes se limitaron a cuestionar la legitimación activa de la Asociación de Residentes para reclamar el pago de la deuda, y a argumentar que procedía la conversión al procedimiento ordinario **sin negar la existencia de la deuda y sin presentar prueba en contrario a la desfilada por la Apelada**.

En el caso que nos ocupa, se desprende de la *Minuta* del juicio celebrado el 15 de diciembre de 2021, que la Asociación de Residentes presentó un estado de cuenta actualizado a esa fecha que acreditó el balance adeudado por los apelantes por concepto cuotas de mantenimiento, sin que estos presentaran prueba contraria a la desfilada .  En consecuencia, al quedar demostrada la

liquidez de la deuda el TPI denegó la solicitud de los Apelantes para la conversión del procedimiento en uno ordinario. La naturaleza del procedimiento en ningún momento cambió para convertirse en uno ordinario.

En esa dirección, advertimos, además, que como los Apelantes no presentaron como defensa afirmativa la iliquidez de la deuda en la *Contestación a Demanda,* no incidió el foro primario al denegar la solicitud de éstos de conversión al procedimiento ordinario. Como corolario de lo anterior, no procede atender el segundo y tercer señalamiento de error de los Apelantes en el recurso de epígrafe ya que éstos no están relacionados a la liquidez ni a la exigibilidad de la deuda sino a señalamientos que serían objeto de un procedimiento ordinario.

A la luz de lo esbozado, concluimos que no incidió el foro primario al declarar vencida y exigible la deuda por concepto de cuota de mantenimiento, reclamada por la Asociación de Residentes a los Apelantes.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia confirmamos la Sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones